UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY,

                              Plaintiff,

           -against-

ZURICH AMERICAN INSURANCE COMPANY,

                              Defendant.
------------------------------------------------------------------X

Civil Action No.:22-cv-6341

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE TRAVELERS INDEMNITY COMPANY ("Travelers"), as and for its Complaint for Declaratory Judgment against Defendant, ZURICH AMERICAN INSURANCE COMPANY ("Zurich"), alleges upon information and belief as follows:

### Nature of the Action

1. In this action, Travelers seeks a declaration that Zurich is obligated to defend and to indemnify Twin Tier Constructors, Inc. ("Twin Tier") in connection with an underlying action against such entity asserting claims for damages allegedly sustained by Pamela LaVerde (the "Claimant").

### Parties

2. At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

3. Upon information and belief, at all times relevant hereto, Zurich was and is a New York corporation with a principal place of business in Schaumburg, Illinois, licensed to conduct business in New York.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. Section 1332 and 28 U.S.C. Section 2201. Specifically, Travelers seeks defense and indemnity and reimbursement in connection with an underlying action, all of which is reasonably expected to exceed the jurisdictional limit.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

6. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Zurich.

7. Travelers has no adequate remedy at law.

## Insurance Policies

8. Travelers issued a policy to Power & Construction Group, Inc., policy number DT1N-CO-2P777756-IND-20, with effective dates of December 1, 2020 to December 1, 2021 (the "Travelers Policy").  The Travelers Policy also includes Twin Tier as a named insured.

9. The Travelers Policy generally provides coverage for property damage that takes place during the policy period and is caused by an accident.

10. The Travelers Policy contains excess "other insurance" clauses that provide that coverage under the Travelers Policy is excess over any other coverage available to Twin Tier as an additional insured.

11. Upon information and belief, Zurich issued to Ferraro Pile & Shoring, Inc. ("FPS") a Commercial General Liability Policy under policy number GL0581801705, which was in effect at all times relevant (the "Zurich Policy").

12. Upon information and belief, the Zurich Policy generally provides coverage for property damage that takes place during the policy period and is caused by an accident.

13. Upon information and belief, the Zurich Policy provides coverage to Twin Tier as an additional insured.

14. Upon information and belief, the Zurich Policy contains the following endorsement:

**Additional Insured – Automatic – Owners, Lessees Or Contractors**

\* \* \*

**A.** **Section II – Who Is An Insured** is amended to include as an additional insured any person or organization whom you are required to add as an additional insured on this policy under a written contract or written agreement. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

    **1.** Your acts or omissions; or

    **2.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations or "your work" as included in the "products-completed operations hazard", which is the subject of the written contract or written agreement.

\* \* \*

**D.** For the purposes of the coverage provided by this endorsement:

    **1.** The following is added to the Other Insurance Condition of Section IV - **Commercial General Liability Conditions:**

    **Primary and Noncontributory insurance**

    This insurance is primary to and will not seek contribution from

     any other insurance available to an additional insured provided that:

    **a**. The additional insured is a Named Insured under such other insurance; and

    **b**. You are required by written contract or written agreement that this insurance be primary and not seek contribution from any other insurance available to the additional insured.

* * *

## Background Facts

15. On or about January 6, 2020, Twin Tier and FPS entered into an agreement for performance of certain work in connection with the East Main Street Bridge (the "Project") (the "Contract").

16. Upon information and belief, pursuant to the Contract, FPS's scope of work included providing "Holes in Earth Soldier Pile Lagging Wall" and "Soldier Piles for Lagging Wall".

17. The Contract requires that FPS obtain the following insurance:

> 11.9. ADDITIONAL LIABILITY COVERAGE The Constructor shall require the Subcontractor to purchase and maintain liability coverage, primary to the Constructor's coverage under subsection 11.8.
>
> > 11.9.1. If required by section 11.9, the additional liability coverage required of the Subcontractor shall be:
> >
> > 1. X ADDITIONAL INSURED. The Constructor shall be named as an additional insured on the Subcontractor's CGL specified, for operations and completed operations, but only with respect to liability for bodily injury, property damage, or personal and advertising injury to the extent caused by the negligent acts or omissions of the Subcontractor, or those acting on the Subcontractor's behalf, in the performance of the Subcontractor's Work for the Constructor at the Project site.

* * *

18. The Claimant has asserted claims in a lawsuit against Twin Tier in the Supreme

Court of the State of New York for the County of Steuben, which was assigned Index No. E2022-0078cv (the "Underlying Action").  A true and correct copy of the Complaint is attached as Exhibit 1.

19. Twin Tier filed a Third-Party Complaint in the Underlying Action against FPS for indemnification, among other claims.

20. In the Underlying Action, the Claimant alleges that between March 4, 2020 and August 19, 2020 (the "Relevant Time Period"), Twin Tier was negligent in performing certain jackhammering, pile driving, tamping, grading, demolition and/or vibrating compaction work in connection with work on the "East Main Street Bridge Project."  As a result, Claimant alleges her residence suffered damages.

21. Upon information and belief, FPS was performing work in connection with the Project pursuant to the Contract during the Relevant Time Period.

22. Travelers is defending Twin Tier in the Underlying Action pursuant to the terms of the Travelers Policy.

23. In the Underlying Action, the Claimant seeks to recover for alleged damages which were caused in whole or in part by FPS's acts or omissions or the acts or omissions of those acting on FPS's behalf.

### Tender to Zurich

24. Twin Tier qualifies as an additional insured under the Zurich Policy.

25. Travelers has tendered the defense and indemnification of Twin Tier to Zurich.

26. Zurich has denied and/or failed to respond to the tenders.

27. Zurich has failed and refused to accept the defense and indemnification of Twin Tier in connection with the Underlying Action.

28. Accordingly, Travelers seeks a declaration that Zurich has an obligation to defend and indemnify Twin Tier as an additional insured; that the coverage provided by the Zurich Policy is primary; and that the obligations of Travelers to Twin Tier in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Zurich Policy.

29. In addition, Travelers seeks an award at law and in equity against Zurich for recovery of all sums Travelers has incurred and continues to incur in the defense of Twin Tier in the Underlying Action because the coverages provided by the Zurich Policy are primary to any coverage provided by Travelers.

**Claim for Declaratory Relief**

Wherefore, Plaintiff Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that the Zurich Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Zurich Policy have been complied with and met.

3. Declaring that the alleged incident and Underlying Action fall within the coverage afforded by the Zurich Policy.

4. Declaring that Defendant Zurich owes a duty to defend Twin Tier in connection with the Underlying Action.

5. Declaring that Defendant Zurich owes a duty to indemnify Twin Tier in connection with the Underlying Action.

6. Declaring that Defendant Zurich's coverage obligations to Twin Tier in connection with the Underlying Action are primary.

7. Declaring that Plaintiff Travelers' coverage obligations under the Travelers Policy are excess to those of Defendant Zurich with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Zurich with respect to Zurich's duty to defend and to indemnify Twin Tier in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant Zurich for all sums Travelers has paid in defending Twin Tiers as to the Underlying Action.

10. Granting an award in favor of Plaintiff Travelers for the costs of suit incurred herein.

11. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 16, 2022

**RESPECTFULLY SUBMITTED:**

**USERY & ASSOCIATES**

By: ___/s/Amy C. Gross_____
Amy C. Gross, Esq.
Attorneys for Plaintiff
The Travelers Indemnity Company
Main: 917.778.6680
Fax: 844.571.3789
Email: acgross@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
485 Lexington Avenue, 7th Floor
New York, NY 10017